IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| OSWALDO ALBERTO SANCHEZ GARCIA, <br><br> *Petitioner*, <br><br> v. <br><br> BRET BRADFORD, Field Office Director of Enforcement and Removal Operations, Houston Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; ALEXANDER SANCHEZ, Warden of IAH Secure Adult Detention Facility, <br><br> *Respondents*. | CIVIL ACTION NO. 9:25-CV-00335 <br> JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Oswaldo Alberto Sanchez Garcia's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 4]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Oswaldo Alberto Sanchez Garcia ("Garcia") is a Mexican national. [Dkt. 4 at ¶ 26]. On October 2, 2025, United States Immigration and Customs Enforcement ("ICE") detained Garcia. *Id.* On December 3, 2025, Garcia was denied a custody redetermination by the immigration court. *Id.*

On December 30, 2025, Garcia brought an amended habeas corpus petition, claiming that

his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 4 at ¶¶ 58–74].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Garcia challenges the legality of his detention on three separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 4]. Second, Garcia claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. *Id.* Third, Garcia argues that his detention violates due process because he is eligible for custody redetermination. *Id.*

### A. Detention Pending Removal Proceedings

Garcia first challenges the Government's authority to detain him while removal proceedings are pending but no removal order has been issued. [Dkt. 4 at ¶ 64–70]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing

---

[1] 8 U.S.C. § 1101 et seq.

removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Garcia argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Garcia is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 4].[2]

### B. Custody Redetermination

Garcia next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge[3], which he applied for and did not receive. *Id.* at ¶ 63. In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Garcia receive a custody redetermination, a custody redetermination would not necessarily result in Garcia's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Garcia's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle Garcia to

---

[2] His *Bautista v. Santacruz* arguments are of no consequence. Petitioner cites no law dictating this Court's obligations to follow decisions rendered by other district courts. Furthermore, the *Bautista* court has yet to decide "how [those] parties will proceed with" that case. 2025 WL 3288403 at *10. While Petitioner argues this constitutes a final judgment, *Bautista* appears by its own terms to be ongoing litigation. *Compare id. with* [Dkt. 4 at ¶ 60].

[3] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

3

habeas relief.[4] *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

Because Garcia has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Garcia's Petition for Writ of Habeas Corpus [Dkt. 4] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of January, 2026.**

_____
Michael J. Truncale
United States District Judge

---

[4] Garcia's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.